## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **INNOVATIVE MEDICAL SYSTEMS, INC.; GENESIS MEDICA, INC.; SC MEDICAL, LLC; and ASSOCIATED PROVIDER SERVICES, INC.,** | Civil No. 04-4705 (MJD/JGL) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| **AUGUSTINE MEDICAL INC., a subsidiary of Arizant, Inc., a/k/a AMI; and ARIZANT, INC.,** | |
| Defendants. | |

APPEARANCES

Larry A. Bagsby, Esq., on behalf of Plaintiffs

B. Todd Jones, Esq., on behalf of Defendants

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on July 25, 2005, on Plaintiffs' Renewed Motion for Leave to File First Amended Complaint and for Relief From Judgment Under FRCP 60(b) (Doc. No. 67). This matter has been

referred to the undersigned pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1[1].

## I.    INTRODUCTION

This civil suit involves the business of retail marketing and distribution of medical devices. Defendant Arizant, Inc., is the holding and parent company of August Medical, Inc. ("AMI"), a wholesale manufacturer of medical devices. Plaintiff companies filed the instant action against Defendants in the United States District Court, Southern District of Illinois, in June 2004. Upon a change of venue motion, the matter was transferred to the District of Minnesota in November 2004. In January 2005, Defendants simultaneously answered the Complaint and filed a motion for judgment on the pleadings. In March 2005 in partial response to Defendants' dispositive motion, Plaintiffs filed a motion to serve and file a First Amended Complaint, and proffered a proposed First Amended Complaint to the Court. The Honorable Michael J. Davis heard oral argument on the motions to amend and for judgment on the pleadings on April 15, 2005.

---

[1] Plaintiffs' Motion to Amend was filed, briefed, and heard according to the non-dispositive motion timetable of the District of Minnesota's Local Rules. Although the Local Rules do not provide for reply briefs in non-dispositive matters, Plaintiffs filed a Reply Memorandum in Support of their Motion without leave of Court. That Reply is disregarded.
    In deference to the district court, however, this Court has opted to address Plaintiffs' Motion in the form of a Report and Recommendation.

In their March proposed First Amended Complaint, Plaintiffs asserted claims under the Racketeer Influence and Corrupt Organizations Act ("RICO"), under the Minnesota Unlawful Trade Practices Act, under the Minnesota Consumer Fraud Act, of common law fraud and conspiracy to commit fraud, and of negligent misrepresentation.  The March proposed First Amended Complaint also sought to add the following Defendants: Scott D. Augustine, individually and as Chief Executive Officer ("CEO") of AMI; James Benham, individually and as General Counsel of AMI; Paul Johnson, individually and as Director of Reimbursement of AMI; Tim Hensley, individually and as National Sales Manager of AMI; Philip Zarlengo, CEO of Health Finance and Marketing, Inc.; and the entity Health Finance and Marketing, Inc.  In 2003, prior to commencement of this civil action, Defendants were federally indicted on charges of conspiracy to defraud the United States, healthcare fraud, and mail fraud.  AMI subsequently entered into a Plea Agreement admitting conspiracy to defraud the United States.  The March proposed First Amended Complaint explained that in the Plea Agreement, AMI admitted that it, Zarlengo, Augustine, Benham, Johnson, and Hensley knew a device at issue was not reimbursable under Medicare/Medicaid, and that each had taken actions to conceal that fact from Plaintiffs, consumers, and Medicare/Medicaid agencies.

On May 31, 2005, Judge Davis issued a detailed Memorandum Opinion and Order addressing the motions to amend and for judgment on the pleadings. In analyzing Defendants' motion for judgment on the pleadings, Judge Davis explicitly utilized Plaintiffs' proposed First Amended Complaint rather than their original Complaint. After finding no material issues of fact and that Defendants were entitled to judgment as a matter of law as to each of the five proposed counts, Judge Davis denied Plaintiffs' motion to amend, concluding that all claims included in the proposed First Amended Complaint were futile. Hence, Judge Davis denied in full Plaintiffs' request to amend their Complaint, while granting in full Defendants' motion for judgment on the pleadings. The May 31 Order omitted mention of whether the rulings were with or without prejudice, whether either the underlying Complaint or action was dismissed, and whether the rulings were on the merits. Nonetheless, judgment was entered and the case was "closed" on June 1, 2005. There is no indication that Plaintiffs sought either reconsideration or appeal of Judge Davis's decision.

## II.   DISCUSSION

Presently, Plaintiffs are before this Court on a "Renewed Motion for Leave to File First Amended Complaint and for Relief from Judgment Under FRCP 60(b)," and it is this Court's task to interpret Judge Davis's Order. Plaintiffs attempt to replead only their proposed count of fraud and conspiracy

- 4 -

to commit fraud as to the original Defendants and as to the six parties whom Plaintiffs previously attempted to add as Defendants: Augustine, Benham, Johnson, Hensley, Zarlengo, and Health Finance and Marketing, Inc.

In addressing Plaintiffs' prior proposed Count IV, "Fraud and Conspiracy to Commit Fraud," Judge Davis found that Plaintiffs failed to plead their allegations of fraud with the particularity required under Federal Rule of Civil Procedure 9(b). (J. Davis Order of May 31, 2005 at 13.) Judge Davis noted that the "circumstances to be plead with particularity 'include the time, place and contents of the alleged fraud; the identity of the person allegedly committing fraud; and what was given up or obtained by the alleged fraud.'" (Id. (quoting Roberts v. Francis, M.D., 128 F.3d 647, 651 (8th Cir. 1997).) Judge Davis remarked that Plaintiffs' proposed First Amended Complaint merely plead the fraud scheme generally, omitting any specifics regarding which party made what representations, the content of the representations, and to whom the representations were made. (Id. at 13-14.) Then, as they do now, "Plaintiffs argue that they could not obtain such information because of the criminal proceedings involving the same scheme." (Id. at 14.) Judge Davis concluded by noting that "[a]s the alleged misrepresentations were made to Plaintiffs, however, it stands to reason that Plaintiffs would be able to provide the specifics noted above." (Id.)

Plaintiffs construe Judge Davis's concluding language to be an invitation to plead the fraud claims with additional specificity by adding the information allegedly known to Plaintiffs.  This Court does not read the above-quoted language to be such an open-door invitation.  Nonetheless, the Court recognizes that a finding of Rule 9(b) deficiency does not customarily result in a  dismissal on the merits or with prejudice, unless amendment would be futile or a party has failed in a prior opportunity to rectify the pleading.  E.g., Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1300 (Civ. 3d 2004) (collecting cases); see also Glus v. Brooklyn E. Dist. Terminal, 359 U.S. 231, 235 (1959) (allowing amendment without mention of Rule 9(b)); Baden v. Craig-Hallum, Inc., 646 F. Supp. 483, 490-91 (D. Minn. 1986) (allowing amendment); Keckhafer v. Prudential Ins. Co. of Am., 2002 WL 31185866 at *12 n.14 (D. Minn. Oct. 2, 2002) (denying amendment).  Rather, a party is allowed an opportunity to amend its complaint to assert more specific facts, if it is able.  Here, unlike the other counts on which Judge Davis granted judgment on the pleadings for substantive reasons, Plaintiffs' fraud count was dismissed for exclusively procedural flaws.  This Court, accordingly, construes Judge Davis's granting of judgment on the pleadings as to Plaintiffs' fraud claims to have been without prejudice.

The mechanism by which a party may seek to amend its complaint after a final order has been entered is via Federal Rule of Civil Procedure

60(b).[2] The rule governs a court's power, upon timely motion and "such terms as are just," to modify a final judgment under certain circumstances. Fed. R. Civ. P. 60(b). Such motions are subject to the Court's discretion. E.g., Clarke v. Burkle, 570 F.2d 824, 830 (8th Cir. 1978). Importantly, the Eighth Circuit has repeatedly held that "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." Id. at 830-31 (internal quotation omitted); accord Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 293 F.3d 409, 415 (8th Cir. 2002) (citations omitted) (noting that "Rule 60(b) authorizes relief in only the most exceptional of cases"); Heppner v. Adams County, N.D., 133 F.3d 1094, 1096 (8th Cir. 1998).

Although Plaintiffs have failed to assert their Rule 60(b) grounds, the instant Motion is arguably based either on "inadvertence" in subpart one, or the catch-all provision allowing relief from a final order for "any other reason justifying" such relief, in subpart six. Fed. R. Civ. P. 60(b)(1) and 60(b)(6). Under questioning by the Court, Plaintiffs admitted at oral argument that there is no newly discovered evidence. See Fed. R. Civ. P. 60(b)(2).

---

[2] The Court rejects Plaintiffs' contention that only the lenient standards of Federal Rule of Civil Procedure 15(a) apply to their request to add the six new parties. Unless Plaintiffs can show adequate reason to reopen this closed case pursuant to the Eighth Circuit's construction of Rule 60(b), they have no active complaint to amend, and Rule 15(a) is inapposite.

Likewise, the Court finds no indication of mistake, surprise, excusable neglect, or fraud, or that the judgment is void or has been satisfied.  See Fed. R. Civ. P. 60(b)(1), 60(b)(3), 60(b)(4), and 60(b)(5).

Proceeding from the finding that Judge Davis dismissed without prejudice Plaintiffs' deficiently plead count for fraud and conspiracy to commit fraud, this Court must determine whether Plaintiffs have shown that the nonprejudicial dismissal created an exceptional circumstance of Plaintiffs' inadvertence or constitutes an exceptional justifiable reason sufficient to reopen the case under Rule 60(b) so that Plaintiffs may supplement the facts plead for fraud.

Defendants rely on the Eighth Circuit's decision in Heppner finding that the district court did not abuse its discretion in denying a Rule 60(b) motion where the moving party failed to demonstrate that exceptional circumstances prevented him from earlier raising his arguably meritorious substantive claim.  Heppner, 133 F.3d at 1096.  Defendants also point to International Brotherhood of Electric Workers, in which the Eighth Circuit upheld the denial of a Rule 60(b)(6) motion where the moving party, the defendant, had failed to appeal the order it later sought to reopen.  Int'l Bhd. of Elec. Workers, 293 F.3d at 416.  The court emphasized that the defendant asserted only arguments that were available to it during the time for appeal of the district court order, and alleged nothing more than previously known facts

in support of its argument that exceptional circumstances existed to warrant Rule 60(b) relief.  Id.  Hence, the court held that the defendant was attempting to use Rule 60(b) as an impermissible substitute for a timely appeal.  Id.

The Court distinguishes the present case even though Plaintiffs assert nothing more than previously known facts in support of their argument for exceptional circumstances.  Here, Plaintiffs do not allege a wholly new substantive argument that could have been earlier raised, as in Heppner, and do not allege that the district court somehow erred in its May 31 Order, as in International Brotherhood of Electric Workers.  Rather, Plaintiffs attempt now to remedy a procedural fault by conforming to the Court's observation that they were theoretically able to plead their fraud claims with greater specificity.  Although it is inexplicable to the Court why Plaintiffs refused to originally plead information that has at all times been at their disposal, this case is exceptional in that a Rule 9(b) deficiency does not normally arise in the context of a judgment on the pleadings that then results in the closure of a case.  Parties are, as a matter of course, allowed at least one chance to remedy their overly general pleadings of fraud.  This case should be no different.  Thus, Plaintiffs should be granted leave to replead their previously attempted count of fraud and conspiracy to commit fraud as against Defendants and the six additional parties.  The Court recommends that Plaintiffs have satisfied

their burden to prove the existence of an exceptional reason justifying relief under Rule 60(b)(6).

As a secondary argument, Defendants briefly contend that regardless of the Rule 60(b) question, Plaintiffs' Motion to Amend should be denied as futile.  Federal Rule of Civil Procedure 15(a) governs a party's right to amend its pleadings, and leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Courts should usually grant such motions absent good reason for a denial "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).  In the Eighth Circuit, "delay alone is insufficient to deny a motion for leave to amend.  Rather, the party opposing the motion must show it will be unfairly prejudiced."  Dennis v. Dillard Dep't Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000) (internal citations omitted).

When a party opposes a motion to amend on the basis of futility, the court must apply the same analytical framework as it applies when faced with a motion to dismiss. See, e.g., Weimer v. Amen, 870 F. 2d 1400, 1407 (8th Cir. 1989); Upsher-Smith Labs. v. Mylan Labs., 944 F. Supp. 1411, 1441 (D. Minn. 1996).  When considering a motion to dismiss, the court must treat

all facts alleged in the complaint as true and must construe the allegations in the complaint and the reasonable inferences arising therefrom in favor of the plaintiff.  Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).  If a proposed amendment could not survive a motion to dismiss, it is considered futile.  See Upsher-Smith Labs., 944 F. Supp. at 1441.

In the present case, Defendants almost tangentially argue that Plaintiffs' replead fraud count continues to fail for lack of specificity.   As stated above, a complaint adequately pleads fraud if the circumstances of the scheme, including the time, place, and contents of the alleged fraud; the identity of the person allegedly committing fraud; and what was given up or obtained by the alleged scheme of fraud, are particularly described.  Roberts, 128 F.3d at 651.  Construing the lengthy and detailed fraud allegations in the newly proposed First Amended Complaint and the reasonable inferences arising therefrom in favor of Plaintiffs, the Court finds that fraud and conspiracy to commit fraud have been plead adequately to survive a motion to dismiss.  Westcott, 901 F.2d at 1488; Weimer, 870 F. 2d at 1407.  Hence, the proposed amendments should be allowed.

Finally, Defendants emphatically assert that they are due sanctions for having to defend against a "frivolous," "spurious," and "dilatory" Motion.  As this Court recommends granting Plaintiffs' Motion in its entirety, it finds that no sanctions should be awarded to Defendants.  The request for

attorneys' fees and costs pursuant to 28 U.S.C. § 1927 should, thus, be denied.

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiffs' Renewed Motion for Leave to File First Amended Complaint and for Relief From Judgment Under FRCP 60(b) (Doc. No. 67) should be **GRANTED** and the case reopened.

Dated: August 2, 2005

 s/ Jonathan Lebedoff
JONATHAN LEBEDOFF
Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by August 16, 2005, a copy of specific, written objections.  A party may respond to the objections within ten days after service thereof.  All objections and responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.